### THE RELIABLE.

### THE W. E. GLADWISH.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

### No. 44.

COLLISION (§ 95*)—TUGS WITH TOWS—FAILURE TO OBSERVE RULES.

A tug *held* in fault for a collision between her tow and the tow of another tug, on the ground that, having the other tug and tow on her starboard hand, heading up the river, as she came from her slip, she failed to observe the starboard hand rule, and attempted to cross ahead without first receiving assenting signals. The second tug *held* not in fault, in the absence of evidence that she did not hold her course.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 95.*

Collision with or between towing vessels and vessels in tow, see note to The John Englis, 100 C. C. A. 581.]

Appeals from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the New York & New Jersey Transportation Company against the tug Reliable, the F. A. Verdon Company, claimant, and the tug W. E. Gladwish, Elmer A. Keeler, claimant. Decree

for libelant against both tugs (167 Fed. 571), and claimants appeal. Reversed as to the Reliable, and affirmed as to the W. E. Gladwish.

The libelant, as the owner of the barge Maggie Moore, brought a suit in admiralty against the steam tugs Reliable and Gladwish for the recovery of damages for injuries sustained by said barge on February 7, 1907, while in tow of the Gladwish, in a collision with the barge Long Island City, in tow of the Reliable. The District Court held both steam tugs responsible for the collision and liable equally for the damage. The claimants of both tugs have appealed.

Carpenter & Park (J. E. Carpenter, of counsel), for the Reliable. James J. Macklin (De Lagnel Berier, of counsel), for the Gladwish. Wray & Callaghan and Albert A. Wray, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We fully concur in the conclusion of the District Judge that the Gladwish was in fault. She failed to observe the starboard hand rule and attempted to cross ahead of the Reliable without first receiving assenting signals.

But we are unable to accept the conclusion that the Reliable was also in fault. The testimony leaves it uncertain just what course she was taking before the collision. The course stated by her master was obviously erroneous. But, while the precise course is uncertain, the testimony shows clearly that the Reliable was heading up the river and that the Gladwish in leaving the slip had her on her own starboard side. In this situation it was the duty of the Reliable to hold her course, and we find no satisfactory testimony that she failed to do so. Moreover, there is no suggestion in the libel or in the answer of the Gladwish that the Reliable was guilty of any such fault.

It is true, as pointed out by the District Judge, that if it be assumed that the Gladwish was going up stream the Reliable must have been heading toward the shore to strike a head-on blow. But just the extent to which the Gladwish had turned is not clearly shown. We find nothing in the physical peculiarities of the situation requiring the inference to be drawn that the Reliable failed to hold her course.

But, if the Reliable did hold her course, she might still be liable for failing to take timely measure to avoid the collision. It is said that she should have stopped and backed in time to let the Gladwish pass ahead. In our opinion, however, when the collision seemed imminent, the master of the Reliable did as well as could have been expected of him.

The decree of the District Court is reversed, with costs, and the cause remanded, with instructions to dismiss the libel as against the Reliable, with costs, and to enter a decree for full damages and costs against the Gladwish.